IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK D. McCANN,

                Plaintiff,

v.                                                                  OPINION and ORDER

MID-WEST FAMILY BROADCASTING                        25-cv-741-jdp
and SHAY NEWMAN,

                Defendants.

---

Plaintiff Derrick D. McCann, proceeding without counsel, alleges that defendant radio-station operator Mid-West Family Broadcasting and defendant Shay Newman, one of its disc jockeys, defamed him and discriminated against him. The court has allowed McCann to proceed without prepayment of any portion of the filing fee. Dkt. 3.

The next step is for me to screen McCann's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that McCann's current allegations do not properly state a claim for relief, but I will give him a chance to submit an amended complaint better explaining his claims.

## ANALYSIS

McCann's allegations are brief. He states that he is an African-American musician. Defendant Newman, while on-air as an employee at one of Mid-West Family Broadcasting's

radio stations, made false statements about McCann being involved in criminal acts, mocked his disability and poverty, and "excluded him from music opportunities." Dkt. 1, at 1. McCann adds that Newman sought and received a restraining order against him in state court based on false statements.

McCann states that he wishes to bring claims under both federal-law and state-law theories. He states that he wishes to bring claims under 42 U.S.C. §§ 1981 and 1983. Section 1981 prohibits intentional racial discrimination in the making or enforcing of a contract. *See Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). McCann's allegation that defendants "excluded him from music opportunities" could potentially fit within this theory, but this allegation is far too vague to tell what actions defendants took that McCann believes violated his rights or how he was harmed by those actions. Claims under § 1983 require that a plaintiff allege that a person acting under color of state law deprived her of a federal right. Because defendants are not government employees, nothing in McCann's complaint suggests that defendants could be liable under § 1983. He also attempts to bring a claim under the Americans with Disabilities Act, but nothing in his complaint suggests that he can bring a claim under that law either.

Even if McCann didn't state any federal-law claims, this court could consider his state-law claims for defamation and abuse of process if he met the requirements for this court's diversity jurisdiction, including that he and defendants are citizens of different states. But he does not properly allege the citizenship of any of the parties. I am aware from McCann's previous litigation that he is a citizen of Wisconsin. *McCann v. Stubbs*, No. 23-cv-252-jdp, 2023 WL 3072841, at *1 (W.D. Wis. Apr. 25, 2023). The citizenship of defendants remains unclear. An individual's citizenship is determined by his or her domicile, which is the "person's long-

term plan for a state of habitation," not simply the person's current residence. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664–65 (7th Cir. 2014). And a company's citizenship depends on the type of company it is. A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). The citizenship of a limited liability company is determined by the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Because McCann doesn't currently state any viable claims for relief under federal law or properly allege the citizenships of defendants, I will dismiss his complaint. But I will give him a chance to file an amended complaint better explaining his claims. In doing so, McCann needs to explain what actions defendants took to harm him, how he was harmed by defendants' actions, and how he believes that their actions were related to his race or disability. If he wants to proceed only on state-law claims, he will also need to explain defendants' citizenships as explained in this opinion.

If McCann fails to submit an amended complaint by the deadline set below, I will dismiss the entire case for his failure to state a claim that this court can hear.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint is DISMISSED.

2. Plaintiff may have until October 14, 2025, to submit an amended complaint.

Entered September 22, 2025.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge